IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SHAYNE MILES CARSON | § | |
| v. | § | CIVIL ACTION NO. 6:11cv522 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Shayne Carson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 challenging the legality of prison disciplinary action taken against him.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Carson challenges a disciplinary case for conspiring to introduce dangerous contraband (cell phones and tobacco) onto the Coffield Unit.  He was convicted of the charge and sentenced to 45 days of cell and commissary restrictions, reduction in classification status from State Approved Trusty II to State Approved Trusty IV, and the loss of 365 days of good time credits; however, the loss of good time was later found to be in error and was reversed.

In his petition, Carson says that: he was given inadequate time to prepare a defense; he was denied the right to present evidence in the form of live testimony from his supervisor, David Diers, as well as a backhoe operator and crew members from the farmwork squad, who could have testified that he was never within 300 yards of the church; no evidence was presented to support a conspiracy charge; and he was denied due process through violations of several prison procedural rules, including the fact that no offense report or preliminary investigation report was submitted, no informal resolution was attempted, an adequate statement of the facts relied upon was not provided,

the hearing was not held within 72 hours of his placement into pre-hearing detention with no reason given for the delay, he did not receive notice of the charges until 33 days after he was placed in pre-hearing detention, there were no other statements from witnesses other than the charging officer, and although he was charged with a conspiracy, none of his co-conspirators were named or charged.

The Respondent was ordered to answer the petition and has done so. In his answer, the Respondent asserts that Carson did not lose any good time as a result of the disciplinary case and thus did not suffer a deprivation of a constitutionally protected liberty interest. Carson filed a response to the answer saying that he suffered dire and prejudicial consequences as a result of the disciplinary case, including the fact that SAT-II inmates generally get parole while SAT-IV inmates are usually denied, he was in fact denied parole, he has never received official notice that his lost good time was restored, he stayed in pre-hearing detention for a month before charges were brought. Carson also complains that the feed mill supervisor didn't file an incident report and so the incident didn't happen, no evidence was offered at the hearing other than hearsay from the charging officer, that there was no evidence of a conspiracy, and the charges were retaliatory.

After review of the facts, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge observed that the Respondent furnished an affidavit from Francisco Facio, a disciplinary hearing captain, saying that the forfeiture of 365 days of good time credits was a mistake and that the loss was never recorded in the TDCJ tracking system.

In addition, the disciplinary hearing record has the "365" on the punishment line scratched out, and a printout from a computer screen shows that Carson has lost zero days of good time. This printout also reflects Carson's disciplinary history; this history shows that since August of 2010, Carson has received two minor cases, for which he received extra duty, and the present case, for which he received a reduction in classification status and 45 days of restrictions. These records also show that no good time was taken as a result of the present disciplinary case.

The Magistrate Judge looked to <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2301 (1995), in which the Supreme Court held that the States may, under certain circumstances, create liberty interests which

are protected by the Due Process Clause, but these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

In keeping with this decision, the Magistrate Judge concluded that the punishments imposed upon Carson, which included 45 days of cell and commissary restrictions and reduction in classification status, did not implicate a constitutionally protected liberty interest. Malchi v.Thaler, 211 F.3d 953, 959 (5th Cir. 2000). As a result, the Magistrate Judge stated that Carson was not denied any process which he was due, and recommended that the petition be dismissed.

Carson filed objections to the Report of the Magistrate Judge on March 27, 2012. In his objections, Carson says first that when the disciplinary case was held, he was informed that 365 days of good time had been forfeited, and when he filed a grievance, the disciplinary conviction was affirmed with no mention of a reversal of the forfeiture of good time. However, Carson offers nothing to suggest that he did lose 365 days of good time, particularly in light of the affidavit and records showing that the forfeiture was later set aside. His objection on this point is without merit.

Next, Carson says that he has been deprived of good time through the change in his time-earning status, and that this loss of good time rises to the level of a protected liberty interest. The Fifth Circuit has stated that a reduction in time-earning status by itself, without a forfeiture of previously earned good time, does not implicate a constitutionally protected liberty interest. Malchi, 211 F.3d at 958. The fact that Carson was reduced from State Approved Trusty II to State Approved Trusty IV does not implicate a protected liberty interest, regardless of any possible effect of this reduction on Carson's time-earning classification. This objection is without merit.

Carson goes on to assert that he was denied due process, including the right to present documentary evidence and call witnesses, and that insufficient evidence was offered to support the charge. This claim is foreclosed by the fact that Carson was not deprived of a constitutionally protected liberty interest. In Sandin, the plaintiff DeMont Conner was charged with disciplinary

cases for "high misconduct" and "moderate misconduct." As punishment for these offenses, Carson was sentenced to 30 days in the Special Housing Unit. He challenged this disciplinary action, asserting that he was denied the right to call witnesses.

The district court granted summary judgment for the prison officials, but the Ninth Circuit reversed. On certiorari review, the Supreme Court reversed the judgment of the Ninth Circuit. The Supreme Court held that Conner's placement in disciplinary confinement "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," and explained that

> We hold, therefore, that neither the Hawaii prison regulation in question, nor the Due Process Clause itself, afforded Conner a protected liberty interest that would entitle him to the procedural protections set forth in Wolff. The regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life.

Conner, 115 S.Ct. at 2302.

In the same way, the punishments imposed upon Carson do not present the type of atypical or significant deprivation in which the State might create a liberty interest, and neither the Texas prison regulations nor the Due Process Clause afforded him a protected liberty interest entitling him to the procedural protections of Wolff.

Carson states that he was the victim of retaliation, but says that he is not raising retaliation as a ground for habeas corpus relief, he is simply discussing retaliation to show the underlying reasons for the conspiracy. He indicates that he was placed in pre-hearing detention and told that he would "stay there until you tell me something," and that the disciplinary case itself was not given to him until after he had filed a grievance. Carson's allegations that he received the disciplinary case as a result of a conspiracy, even if this conspiracy involved retaliation, do not show that the disciplinary case about which he complains implicated any constitutionally protected liberty interests for purpose of the habeas corpus relief sought in the present proceeding. Carson cannot evade the requirements of Sandin by the simple expedient of alleging a conspiracy or that he received a disciplinary case as an act of retaliation. His objection on this point is without merit.

Carson next complains that the Magistrate Judge erred in finding that the evidence was sufficient to support the disciplinary conviction. No such findings appear in the Report of the Magistrate Judge. Instead, the Report focused on the failure to show that a constitutionally protected liberty interest was implicated by the disciplinary case at issue. The cases cited by Carson involve federal criminal charges of conspiracy, not state prison disciplinary charges.

Carson asserts that the Magistrate Judge allowed the introduction of "falsified, misleading, and altered evidence," saying that the Respondent's assertion that Carson was ineligible to lose good time credits was "an outright lie to the court." This contention fails to show that Carson did in fact lose good time credits. Carson's claim on this point is without merit.

Next, Carson complains that the Magistrate Judge "erred in not considering the abrogation of the State-created rights of due process and the disciplinary rules and procedures." He contends that the Director has "stipulated" to these violations, but points to no such stipulation in the record. Furthermore, as the Magistrate Judge explained, the analytical framework of those cases holding that inmates have state-created liberty interests in the rules and procedures of the prison was rejected by the Supreme Court in Sandin. Instead, the operative interest involved is the nature of the deprivation; the state-created liberty interests protected by the Due Process Clause are limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless impose atypical and significant hardship upon an inmate in relation to the ordinary incidents of prison life. Sandin, 115 S.Ct. at 2301. In this case, the deprivations imposed upon Carson did not impose such atypical or significant hardships. Carson's objection on this point is without merit.

Carson goes on to assert that Sandin does not apply to him, saying that he is not claiming that the loss of commissary and recreation privileges are not a hardship; instead, he says that his primary claims are "the good time credits that WERE taken, and then reversed after Carson filed §2254, and the clear due process violations that are stipulated to by Director." As Carson concedes, any taking of good time credits which may have occurred was reversed, and so he has not lost any good time

5

credits as a result of this disciplinary case. None of the punishments which were imposed on him implicated any constitutionally protected liberty interests, and so under Sandin, Carson has failed to show the deprivation of a constitutionally protected liberty interest. His objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's application for habeas corpus relief, the Respondent's answer thereto, the Petitioner's response to the answer, the state records, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Shayne Carson is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 10th day of May, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE